**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| KATHRYN ROBERTS, | No. 12-15096 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-01581-DLB |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

| | |
|---|---|
| MONICA VONBERCKEFELDT, | No. 12-15121 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-01927-DLB |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant - Appellee. | |

| | |
|---|---|
| KHAM SINGMOUNGTHONG, | No. 12-15122 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-01328-DLB |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

COMMISSIONER OF SOCIAL
SECURITY,

Defendant - Appellee.

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding

Submitted May 10, 2013[**]
San Francisco, California

Before: W. FLETCHER, GOULD, and CHRISTEN, Circuit Judges.

In this consolidated appeal, plaintiffs, successful Social Security benefits claimants, appeal the district court's reduction and denial of their requests for supplemental attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). We review a district court's denial of attorneys' fees under the EAJA for abuse of discretion. *See Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In its denial or reduction of attorneys' fees, the district court must offer a clear and concise explanation, but the explanation does not need to be elaborate.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). A district court has "substantial discretion in fixing the amount of an EAJA award." *Comm'r, INS v. Jean*, 496 U.S. 154, 163 (1990).

Here, the magistrate judge adequately explained his reasoning for rejecting fees for the twelve hours spent preparing the supplemental reply briefing: he was rightfully concerned with a never-ending cycle of EAJA fee requests. Additionally, the magistrate judge reasonably denied all fees related to his *sua sponte* request for additional briefing regarding whether attorney Ralph Wilborn was entitled to fees. Plaintiffs' counsel cannot charge the government for fees it could not charge to a private client. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.") (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)).

**AFFIRMED.**

3